ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4843

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY STEVEN EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00186-2)

Submitted: January 25, 2007          Decided: March 14, 2007

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Steven Evans pled guilty to conspiracy to possess marijuana with intent to distribute, 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2006) (Count One), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count Four), and was sentenced to a term of seventy-eight months imprisonment. Evans appeals his sentence, alleging that his Sixth Amendment rights were violated by the district court's factual finding that he possessed a firearm during the drug offense and application of a two-level enhancement.[*] U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005). We affirm.

In the district court, Evans principally contested the weapon enhancement on factual grounds, but also challenged it under Blakely v. Washington, 542 U.S. 296 (2004). Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the sentencing court is required to calculate the appropriate advisory guideline range after making any necessary findings of fact, and consider the range in conjunction with all relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), before imposing a sentence. United States v.

_____

[*]We previously affirmed Evans' sentence using a plain error standard of review. Fed. R. Crim. P. 52(b). Evans filed a petition for rehearing and rehearing en banc, pointing out that, after sentence was pronounced, counsel informed the court that his client wished to challenge the enhancement under Blakely v. Washington, 542 U.S. 296 (2005). We therefore granted panel rehearing.

<u>Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005).  The district court followed this procedure.  Because Evans was sentenced under an advisory guideline scheme, no Sixth Amendment error occurred.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>